UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELIA RODRIGUEZ,** on behalf of herself and all other similarly situated,<br><br>**Plaintiff,**<br>vs.<br><br>**CERTIFIED CREDIT & COLLECTION BUREAU, JOANNE M. POSSUMATO, DIANA M. SCHOBEL and JOHN DOES 1-10,**<br><br>**Defendants.** | Civ. No. 19-1649<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion of defendants Certified Credit & Collection Bureau ("CCCB"), Joanne M. Possumato, and Diana M. Schobel to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 11) The complaint alleges that certain language in a debt collection letter failed to clearly identify the creditor in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.* For the reasons stated herein, the motion to dismiss the complaint will be GRANTED.

**Standard**

The standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are familiar. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

1

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Estate of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir. 2019) ("complaint, exhibits attached to the complaint, [and] matters of public record" as well as documents "that a defendant attaches as an exhibit to a motion to dismiss," if "undisputedly authentic" and "the [plaintiff's] claims are based [on them]"); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied

2

upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'" *In re Burlington*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991)).

The complaint attaches a copy of a collection letter, the wording of which is the very foundation of the allegations. ("Letter," DE 1-1) I therefore may consider it on this motion without converting it to one for summary judgment.

**The Complaint**

Defendant CCCB sent the plaintiff, Ms. Delia Rodriguez, the Letter, which is dated January 29, 2018. A copy is attached to the complaint as Ex. A. (DE 1-1)[1] The Letter was sent by a debt collector in connection with collection of a consumer debt. It is on CCCB's letterhead.

The top portion of the Letter reads as follows:

DATE: JAN 29 2018
RE: SEE CLIENT LIST BELOW
PATIENT: DELIA RODRIGUEZ
TOTAL BALANCE DUE: 29.88

(DE 1-1) A portion of the body of the letter states: "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." (DE 1-1). The reverse side of the letter reads as follows:

---

[1] CCCB attached an unredacted version of the letter to its motion, (DE 12-1), however this unredacted letter contains several significant differences from the Letter beyond the removal of the redactions. Thus, I will not consider it for purposes of this Opinion.

3

```
CLIENT: SEE CLIENT LIST BELOW
DATE: JAN 29 2018
FILE # REDACTED
BALANCE DUE: 29.88
TOTAL BALANCE DUE: 29.88
CLIENT LIST: REDACTED
```

The complaint alleges that this Letter fails to identify the creditor to whom the debt is owed. The Letter is therefore said to violate the FDCPA, which requires certain notifications and prohibits the use of false, deceptive or misleading representations to collect a debt. *See* 15 U.S.C. § 1692g (prescribing contents of debt collector's initial communication to debtor); 15 U.S.C. § 1692e (prohibiting false and deceptive practices).

**Discussion**

The FDCPA affirmatively requires that a so-called "validation notice" or "G notice" be given, and that it contain certain required disclosures:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt col-lector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The FDCPA also more generally prohibits the use of false or misleading representations to collect a debt:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [is prohibited]." 15 U.S.C. 1692e(10)

Whether a communication is misleading must be assessed from the point of view of the "least sophisticated debtor." *Brown v. Card Service Center*, 464 F.3d 450, 454 (3d Cir. 2006). That hypothetical debtor, however, will be presumed to possess a "basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 539 F. 3d 218, 221 (3d Cir. 2008).

This complaint must be dismissed because it fails to allege sufficiently that the Letter does not properly identify the creditor in violation of the notice provisions of the FDCPA.

Both sides discuss at length a recent FDCPA case, *Gross v. Lyons Doughty & Veldhuis, P.C.*, -- Fed. App'x ---, 2019 WL 3010288 (3d Cir. July 10, 2019).[2] The *Gross* letter was sent by a debt collector to the plaintiff with the following subject line:

> Capital One Bank (USA), N.A., assignee of
>
> HSBC BANK NEVADA N.A. RCS DIRECT MARKETING/ORCHARD BANK GLENN D. CROSS
>
> ACCOUNT NO.: XXXXXXXXXXXX 6461

---

[2] To be clear, the discussion of the *Gross* case in the main briefing is moot; it refers to the district court case that was reversed by the Third Circuit decision, which the parties cited and discussed as supplemental authority. (DE 37, 38)

5

*Gross*, 2019 WL 3010288, at *1. The *Gross* letter also stated that LDV, the debt collector, "represents Capital One Bank (USA), N.A., assignee of HSBC BANK NEVADA N.A. RCS DIRECT MARKETING/ORCHARD BANK in connection with [Gross's] account," and stated that LDV was a debt collector. *Id.*

The Third Circuit, per Judge Shwartz, provided three reasons that the *Gross* letter failed to properly identify the creditor. First, "LDV's letter did not explicitly state that Capital One Bank was Gross's creditor or that it owned his debt." *Id.* at 2. Second, the Letter referred confusingly to Capital One's position as an "assignee." *Id.* Third, "LDV's letter as a whole [did] not effectively disclose the creditor's identity," because "[t]he letter state[d] that LDV 'represents' Capital One Bank and that LDV is a debt collector." *Id.* Judge Shwartz reasoned that the letter conveyed "the identity of LDV's client and that LDV ha[d] been retained to collect a debt, but the least sophisticated debtor could still think that *any one or more of the listed entities* was owed the debt." *Id.* (emphasis added).

The case before this Court is distinguishable. Here, the Letter does not list multiple parties or set forth a potentially confusing assignment. It is true that the Letter here lists Saint Clare's Behavioral as the "client" of CCCB (the debt collector), rather than explicitly as the "creditor." Other courts in this Circuit, however, have found that a debt collector's reference to its "client" is sufficient to convey to the least sophisticated debtor that client is the creditor. *See Johnson v. Simm Assocs., Inc.*, 335 F. Supp. 3d 680, 684–85 (D. Del. 2018) (finding that a debt collector's letter referring to the creditor as its client would not confuse the least sophisticated debtor); *Molina v. AR Res., Inc.*, Civil Action No. 17-6573 (SDW-SCM), 2018 WL 1027449, at *2 (D.N.J. Feb. 22, 2018) (same); *Hammett v. Allianceone Receivables Mgmt., Inc.*, Civil Action No. 11-3172, 2011 WL 3819848, at *4 (E.D. Pa. Aug. 30, 2011) (same). That is particularly true where the letter provides the consumer's account

6

number and remaining balance, as CCCB's Letter did here. *Johnson*, 335 F. Supp. 3d at 685–86; *Molina*, 2018 WL 1027449, at *2, *Hammett*, 2011 WL 3819848, at *4. Accordingly, I conclude that CCCB's letter unambiguously identifies Saint Clare's Behavioral as the creditor to whom Plaintiff's debt is owed.

## CONCLUSION

For the reasons stated above, CCCB's motion to dismiss the complaint (DE 12) is GRANTED, without prejudice to the submission within 30 days of a properly supported motion to amend the complaint.

Newark, New Jersey
September 9, 2019

_____
**Hon. Kevin McNulty**
**United States District Judge**