## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DELIA RODRIGUEZ,
*on behalf of herself and those similarly situated,*

        Plaintiff,

     vs.

CERTIFIED CREDIT &
COLLECTION BUREAU; JOANNE
M. POSSUMATO; DIANA M.
SCHOBEL; and JOHN DOES 1 to 10,

        Defendants.

Civil Action No. 2:19-cv-01649-KM-JAD

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................... **II**

**INTRODUCTION**.....................................................................................................1

**FACTUAL & PROCEDURAL HISTORY** ...............................................................2

**LEGAL ARGUMENT**..............................................................................................3

   I.   STANDARD OF REVIEW FOR PERMITTING AMENDMENT ....................................3

   II.  NO PREJUDICE OR UNDUE DELAY WILL RESULT IF PLAINTIFF IS PERMITTED LEAVE TO FILE AN AMENDED COMPLAINT ............................................................4

   III.   THE AMENDED COMPLAINT ................................................................5

   IV.   THE FILE NUMBER ..............................................................................7

**CONCLUSION**.......................................................................................................9

# **TABLE OF AUTHORITIES**

C̲ASES̲

*Adams v. Gould, Inc.* 739 F.2d 858 (3d Cir. 1984)......................................................4

*Annunziato v. Collecto, Inc.*, 2017 F.Supp. 3d 249 (E.D.N.Y. 2016) ......................9

*AstraZeneca AB v. Perrigo Co. PLC*, No. 15-1057, 2015 U.S. Dist. LEXIS 164684
    (D.N.J. Dec. 8, 2015)..............................................................................................4

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004).........3

*Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.,* 573 F.2d
    820 (3d Cir. 1978) .................................................................................................5

*Cortez v. Foster & Garbus, LLP*, No. 17-06501, 2019 U.S. Dist. LEXIS 98782
    (E.D.N.Y. June 12, 2019) ......................................................................................8

*Cureton v. NCAA,* 252 F.3d 267 (3d Cir. 2001) .......................................................4

*Deporter v. Credit Bureau of Carbon Cty.*, No. 14-00882, 2015 U.S. Dist. LEXIS
    55345 (D. Colo. Apr. 28, 2015).............................................................................8

*Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990)..............................................3

*Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004) ..............................8

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................3

*Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. 463 (D.N.J.1990) ..7

*In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221 (D.N.J. 2005). ...................5

*Lait v. First Fed. Credit Control, Inc.*, No. 17-516, 2017 U.S. Dist. LEXIS 134141
    (N.D. Ill. Aug. 22, 2017) .......................................................................................6

*LaMonaca v. FirstStates Fin. Servs. Corp.*, No. 18-11829 (NLH/KMW), 2019 U.S.
    Dist. LEXIS 107444 (D.N.J. June 27, 2019)........................................................8

*Lorenz v. CSX Corp*., 1 F.3d 1406 (3d Cir. 1993) ....................................................4

*Marlow Patent Holdings v. Dice Electronics, LLC.*, 293 F.R.D. 688 (D.N.J. 2013) 6

*McLaughlin v. Phelan Hallinan & Schmieg, LLP*., 756 F.3d 240 (3d Cir. 2014).....9

*Mullin v. Balicki,* 875 F.3d 140 (3d Cir. 2017)........................................................3

*Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F.
    Supp. 2d 761 (D.N.J. 2000).................................................................................6

*Rosenzweig v. Transworld Sys.*, No. 16-227, 2016 U.S. LEXIS 127928 (D.N.J.
    Sep. 20, 2016)......................................................................................................6

*Symed Labs, LTD. v. Roxane Labs., Inc.,* No. 15-8306, 2018 U.S. Dist. LEXIS
    187687 (D.N.J. Nov. 2, 2018) ..............................................................................3

*Valentin v. Grant Mercantile Agency, Inc.*, No. 17-1019, 2017 U.S. Dist. LEXIS
    212185 (E.D. Cal. Dec. 27, 2017) .......................................................................6

*Vandehey v. Sequium Asset Sols., LLC.*, No. 18-1086, 2019 U.S. Dist. LEXIS
    16414 (E.D. Wis. Feb. 1, 2019)...........................................................................5

## Rules

Fed. R. Civ. P. 12(b)(2) ------------------------------------------------------------------------- 2

Fed. R. Civ. P. 15(a) --------------------------------------------------------------------------- 2

Fed. R. Civ. P. 15(a)(2) ----------------------------------------------------------------------- 3

iii

## <u>INTRODUCTION</u>

Plaintiff is not sure who the creditor is. Defendants' collection letter does not identify the alleged creditor.

Upon information and belief, she did not utilize the services of the entity listed on the "Client List" section of Defendants' collection letter. Upon information and belief, that entity does not exist.

If the entity exists, Plaintiff does not recognize it. And, the "File #" does not match a previous statement she received from a different entity.

Thus, for the reasons set forth below, Plaintiff requests leave to amend her complaint.

## FACTUAL & PROCEDURAL HISTORY

On January 29, 2019, Plaintiff filed the instant action. (ECF No. 1). On March 22, 2019, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 11). Plaintiff requested an extension pursuant to Rule 7.1(d)(5). (ECF No. 14). During this time, Defendants filed an answer to Plaintiff's complaint. (ECF No. 16). Plaintiff filed opposition on May 20, 2019. (ECF No. 25). Defendant filed a reply on June 10, 2019. (ECF No. 33). Afterwards, both parties submitted notices of supplemental authorities. (ECF Nos. 37, 38).

On September 10, 2019, this Court issued an Opinion granting Defendants' motion to dismiss the complaint, without prejudice. (ECF No. 39 ("Opinion")). Both the Opinion and subsequent Order, permitted Plaintiff to file an amended complaint "within 30 days of a properly supported motion to amend the complaint." (Opinion at 7, ECF No. 40 ("Order")).

Pursuant to this Court's Opinion and Order, Plaintiff now seeks leave of Court under Fed. R. Civ. P. 15, to file the First Amended Class Action Complaint attached as **Exhibit A**. For the Court's reference, a redlined version is attached as **Exhibit B**.

2

## LEGAL ARGUMENT

### I.   STANDARD OF REVIEW FOR PERMITTING AMENDMENT

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Established case law holds that leave to amend a complaint should be freely granted in the absence of bad faith, prejudice, delay, futility or stalling tactics. Granting of the opportunity to a Plaintiff to amend a complaint is within the discretion of the federal District Court and will be reversed only for abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Mullin v. Balicki,* 875 F.3d 140, 150 (3d Cir. 2017) (noting that Rule 15's directive in favor of amendment, must be "exercised within the context of liberal pleading rules.").

The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." *Symed Labs, LTD. v. Roxane Labs., Inc.,* No. 15-8306, 2018 U.S. Dist. LEXIS 187687, at *5 (D.N.J. Nov. 2, 2018). Such a "liberal approach to the amendment of pleadings [is] to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 171 (3d Cir. 2004) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990)).

Pursuant to the Order, it is solely within this Court's discretion to allow the amendment requested.

## II. NO PREJUDICE OR UNDUE DELAY WILL RESULT IF PLAINTIFF IS PERMITTED LEAVE TO FILE AN AMENDED COMPLAINT

As Plaintiff's motion and amended complaint was timely filed within the timeframe of the Court's Order, Plaintiff cannot envision any credible arguments that Defendants are prejudiced by the motion or the motion is the product of undue delay. *See AstraZeneca AB v. Perrigo Co. PLC*, No. 15-1057, 2015 U.S. Dist. LEXIS 164684, at *4 (D.N.J. Dec. 8, 2015) ("The Court would find it difficult to hold that a motion filed within the deadline set by the Court and known to the parties was the product of undue delay."). Therefore, this motion for leave to file the amended complaint is timely.

The amended complaint does not prejudice the Defendants as no discovery has taken place. Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The issue of prejudice requires that focuses on the hardship to the defendants if the amendment were permitted. *Cureton v. NCAA,* 252 F.3d 267, 273 (3d Cir. 2001) (quoting *Adams v. Gould, Inc.* 739 F.2d 858, 868 (3d Cir. 1984)). Specifically, Courts consider whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *Compare Adams,* 739 F.2d at 869 (finding no prejudice because no new

4

facts or additional discovery were required) *with Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.,* 573 F.2d 820, 823-24 (3d Cir. 1978) (finding significant prejudice because proposed amendment changed legal and factual basis of claim and prevented defendant from presenting defense). Rather, "'Prejudice' . . . involves serious impairment of the nonmovant's ability to present its case." *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005).

As no discovery has taken place, Defendants will certainly not suffer any serious impairment in their ability to present its case. Therefore, the proposed amended complaint is timely and nonprejudicial.

## III.    THE AMENDED COMPLAINT

Instead, Plaintiff envisions that Defendant will likely suggest the several new paragraphs and several other changes are a façade that do not materially alter or change the Plaintiff's original complaint. Plaintiff's proposed complaint adds additional allegations regarding the original theory of liability and on whether the entity listed in the letter is the actually the creditor. *See, e.g.*, *Vandehey v. Sequium Asset Sols., LLC.*, No. 18-1086, 2019 U.S. Dist. LEXIS 16414 (E.D. Wis. Feb. 1, 2019) (denying to dismiss Plaintiff's complaint on whether "Creditor Name… BLAZE CREDIT CARD" is the name of the creditor to whom the debt is owed on a motion to dismiss standard); *Valentin v. Grant Mercantile Agency, Inc.*, No. 17-

5

1019, 2017 U.S. Dist. LEXIS 212185 (E.D. Cal. Dec. 27, 2017) (granting default judgment on whether "CMP/Community Foundation Med" adequately refers to the original creditor, Community Foundation Medical Group – Community Medical Providers). *See also Lait v. First Fed. Credit Control, Inc.*, No. 17-516, 2017 U.S. Dist. LEXIS 134141 (N.D. Ill. Aug. 22, 2017) (denying debt collector's motion to dismiss when letter listed creditor as "Physician Associates" when the credit was "Physician Associates, LLC"). Plaintiff cites these cases not for their substantive holdings, but as illustrations that this cause of action was not raised or addressed by the parties' motions or this Court's Opinion/Order.

As a threshold issue, motions for leave do not involve substantive motion practice, given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Even then, "[a]lthough tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims." *Rosenzweig v. Transworld Sys.*, No. 16-227, 2016 U.S. LEXIS 127928, at *5 (D.N.J. Sep. 20, 2016). Rather, the futility standard under Rule 15 is when a claim is "legally insufficient on its face" rather than a plausibility standard. *Marlow Patent Holdings v. Dice Electronics, LLC.*, 293 F.R.D. 688, 695 (D.N.J. 2013).

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (citations omitted). Specifically, Plaintiff's proposed amended complaint accompanies a series of sufficiently detailed factual allegations. Thus, amendments are entirely proper and not frivolous.

## IV.   THE FILE NUMBER

Finally, Plaintiff clarifies that the Defendants' collection letter does not provide the consumer's account number. (Opinion, at 6-7). Instead, the collection letter only includes Defendants' own "File #"—a number unique to the Defendants and only utilized by the Defendants for their collection business. Therefore, the "File #" is foreign and has no meaning to the debtor/recipient.

Second, even if the actual creditor's account number had been included in Defendants' collection letter, Plaintiff and the least sophisticated consumer are not obligated to remember past bills or cross-reference bills in order to divine their meaning.

> The defendant argues that the least sophisticated consumer would be able to glean that interest and/or fees were still accruing because— looking at the successive notices together—the total amount owed increased with each monthly notice. That argument fails because the defendant has cited no case, and the Court has found none, supporting

7

the proposition that the least sophisticated consumer should be expected to consider the notices as a group. Further, that reasoning could not apply to the initial notice that the plaintiff received, as a consumer reading that first notice would have no way of knowing that subsequent notices would have higher balances.

*Cortez v. Foster & Garbus, LLP*, No. 17-06501, 2019 U.S. Dist. LEXIS 98782 (E.D.N.Y. June 12, 2019). *See also Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) ("[A]n unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely."); *LaMonaca v. FirstStates Fin. Servs. Corp.*, No. 18-11829 (NLH/KMW), 2019 U.S. Dist. LEXIS 107444, at *10 (D.N.J. June 27, 2019) (same), *Deporter v. Credit Bureau of Carbon Cty.*, No. 14-00882, 2015 U.S. Dist. LEXIS 55345, at *17 (D. Colo. Apr. 28, 2015) ("The court rejects any notion that Plaintiff was obligated to remember the identities of his creditors and the amounts owed to them.").

This is especially powerful, when the collection letter was the initial communication between the debt collector and debtor, as in this case. The collection letter was Plaintiff's first exposure to Certified Credit & Collection Bureau regarding this alleged debt. As a practical matter, to cross-reference new letters from new entities Certified Credit & Collection Bureau, with old bills from separate entities, such as the actual creditor, requires a level of sophistication above the least sophisticated consumer. Indeed, the FDCPA does not impose such an odious requirement on the least sophisticated consumer in order to understand

8

the debt collection letters. To hold otherwise would immunize the debt collector from their responsibility for the content in their debt collection letters and what the least sophisticated consumer would understand from the letters. *See McLaughlin v. Phelan Hallinan & Schmieg, LLP.*, 756 F.3d 240, 246 (3d Cir. 2014) ("As the drafter of the Letter, [-the debt collector] is responsible for its content and for what the least sophisticated debt would have understood from it." (internal citations omitted), *Annunziato v. Collecto, Inc.*, 2017 F.Supp. 3d 249, 261 (E.D.N.Y. 2016) (same). Therefore, the collection balance is unhelpful in identifying the actual creditor.

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that this Honorable Court grant her Motion for Leave to File an Amended Complaint.

Respectfully submitted,

DATED: October 9, 2019

*s/Yongmoon Kim*
Yongmoon Kim, Esq.
KIM LAW FIRM LLC
*Attorneys for Plaintiff*

9